# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

BRIAN L. SAULSBERRY,

    Plaintiff,

v.

164TH TN AIR NATIONAL GUARD,
UNITED STATES AIR FORCE, and
STATE OF TENNESSEE,

    Defendants.

Case No. 2:24-cv-02149-MSN-tmp
JURY DEMAND

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 23, "Report"), entered December 19, 2024, which recommends dismissing Plaintiff Brian L. Saulsberry's Complaint (ECF NO. 1) with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Plaintiff has failed to respond to Defendants' Motions to Dismiss (ECF Nos. 14 & 21) within the prescribed deadlines and has also failed to comply with the Court's November 14, 2024 Order to Show Cause (ECF No. 22), which directed Plaintiff to respond by November 28, 2024, or face dismissal of his case. The Order to Show Cause warned Plaintiff:

> ***Plaintiff is hereby warned that his failure to respond to the court's Order to Show Cause and to the State of Tennessee's and defendants 164th Tennessee Air National Guard and United States Air Force's Motions to Dismiss by November 28, 2024, will result in dismissal of his complaint with prejudice for failure to prosecute.***

(ECF No. 22 at PageID 82.) Despite this warning, Plaintiff did not respond, and the Report recommends dismissal in light of Plaintiff's failure to prosecute and comply with the Court's orders.

Plaintiff was warned in multiple prior orders that failure to comply with court orders could result in dismissal of his case. (ECF No. 10 at PageID 22; ECF No. 11 at PageID 36.)

On January 1, 2025, Plaintiff filed a Motion for Continuance, Stay, and Court Appointed Counsel (ECF No. 24). Defendants opposed this motion. (ECF Nos 25 & 26.) On February 20, 2025, the Chief Magistrate Judge denied Plaintiff's motion, finding that Plaintiff failed to demonstrate good cause for a stay and that appointment of counsel was not warranted. (ECF No. 27.)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

The Court has reviewed the Report, along with the entire record, and finds that Plaintiff has not filed any specific objections to the Report. Plaintiff does not challenge any legal or factual findings in the Report or attempt to show how the Chief Magistrate Judge's conclusions were erroneous.

Plaintiff was given multiple opportunities to respond and was expressly warned in the Order to Show Cause (ECF No. 22), Order Granting Leave to Proceed *In Forma Pauperis* (ECF No. 10), and the Order to Issue and Effect Service of Process (ECF No. 11) that failure to comply

with court orders could result in dismissal of his case. He failed to respond to Defendants' motions, the Order to Show Cause, or otherwise prosecute his case.

After reviewing the record, the Court finds no errors in the Chief Magistrate Judge's findings. Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation (ECF No. 23) in its entirety. Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 14th day of March, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE